Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ADÁN ROSAS SANTIAGO, INGRID HAYDÉE RODRÍGUEZ CARTAGENA, VIP DEFENSE LLC Y OTROS<br><br>**Peticionarios**<br><br>V.<br><br>CORPORACION PARA LA DEFENSA DEL POSEEDOR DE LICENCIAS DE ARMAS DE PUERTO RICO, INC. (CODEPOLA), ARIEL A. TORRES MELÉNDEZ<br><br>**Recurridos** | TA2025CE00967 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm. SJ2022CV08290<br><br>Sobre: DAÑOS |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Hernández Sánchez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de enero de 2026.

El 29 diciembre de 2025, el Sr. Adán Rosas Santiago (señor Rosas), la Sra. Ingrid Haydée Rodríguez Cartagena (señora Rodríguez), así como VIP Defense LLC (en conjunto los peticionarios), comparecieron ante nos mediante *Certiorari* y solicitaron la revisión de una *Resolución* que se emitió y notificó el 17 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar una solicitud de relevo de sentencia intitulada *Moción en Oposición a Solicitud de Sentencia Sumaria* que presentaron los peticionarios.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 15 de septiembre de 2022, el señor Rosas presentó una *Demanda* sobre daños y perjuicios contra la Corporación para la Defensa del Poseedor de Licencias de Armas de Puerto Rico (CODEPOLA) y el Sr. Ariel A. Torres (señor Torres) (en conjunto, los recurridos).[1] En esta, sostuvo que era dueño del 30% de la CODEPOLA y que el señor Torres se había negado a pagarle los derechos que le corresponden como accionista de CODEPOLA. En respuesta, el 28 de noviembre de 2022, los recurridos presentaron su Contestación a la Demanda y Reconvención en la que alegaron que el señor Rosas nunca fue dueño de la corporación, sino que era un empleado, por lo que la relación entre ambos fue solo una obrero-patronal.[2]

Posteriormente, el 16 de febrero de 2023, la parte recurrida presentó una *Moción Solicitando la Desestimación de Demanda.*[3] El 13 de marzo de 2023, los peticionarios presentaron su oposición y en síntesis sostuvieron que el escrito de los recurridos no cumplía con las exigencias de una solicitud de desestimación, ni tampoco con la de una sentencia sumaria.[4] Atendida la solicitud, su oposición y réplica[5] el 3 de mayo de 2024, el TPI dictó y notificó una *Resolución,* en la cual resolvió No Ha Lugar la moción, debido a que se incluyó prueba y la misma no podía ser atendida como una solicitud de sentencia sumaria, ya que no cumplió con los requisitos correspondientes.[6] Sin embargo, se le permitió a los recurridos enmendar su solicitud y que pudiese ser atendida como una solicitud de sentencia sumaria al palio de la Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.

---

[1] *Véase,* Entrada Núm. 1, SUMAC TPI.
[2] *Véase,* Entrada Núm. 12, SUMAC TPI.
[3] *Véase,* Entrada Núm. 20, SUMAC TPI.
[4] *Véase,* Entrada Núm. 22, SUMAC TPI.
[5] *Véase,* Entrada Núm. 25, SUMAC TPI.
[6] *Véase,* Entrada Núm. 32, SUMAC TPI.

En atención a ello, el 24 de junio de 2024, la parte recurrida presentó una *Moción de Solicitud de Sentencia Sumaria*, la cual acompañó de prueba documental.[7] Los peticionarios presentaron su oposición e hicieron referencia al escrito en oposición anterior y lo acompañaron de una declaración jurada.[8] Evaluados los escritos, el 16 de diciembre de 2024, notificada el 19 de diciembre de 2024, el TPI dictó *Sentencia Parcial*, mediante la cual declaró Ha Lugar la solicitud de sentencia sumaria presentada por los recurridos.[9] Dictamen del cual ninguna de las partes recurrió.

Luego, el 10 de junio de 2025, los peticionarios presentaron un escrito intitulado *Moción en Oposición a Solicitud de Sentencia Sumaria*.[10] Allí, solicitaron un relevo de sentencia al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil, *supra*, por lo cual así fue acogida por el TPI. En su escrito, los peticionarios alegaron que la sentencia cuyo relevo se solicitó fue concedida a base de declaraciones falsas. En respuesta, los recurridos presentaron una *Moción en Cumplimiento de Orden*, mediante la cual presentan su oposición.[11] Sostuvieron que los peticionarios no aportaron prueba de que se hubiese cometido fraude y tampoco de que la sentencia fuese nula. Sometidos los escritos, el 17 de octubre de 2025, el TPI emitió y notificó una *Resolución*. En esta, acogió la solicitud del peticionario como una moción de relevo de sentencia al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil, *supra* y la declaró No Ha Lugar.[12] Particularmente, resolvió lo siguiente:

> De manera que **este tribunal no tiene duda de que no dictó una sentencia basada en prueba fraudulenta. Aun sin considerar las declaraciones juradas**, no surge de la prueba un contrato de suscripción, ni de compraventa de acciones. La prueba establece que el Sr. Adán Rosas fue incorporador y vicepresidente de CODEPOLA y por su trabajo recibió un sueldo.

---

[7] *Véase*, Entrada Núm. 35, SUMAC TPI.
[8] *Véase*, Entrada Núm. 41, SUMAC TPI.
[9] *Véase*, Entrada Núm. 49, SUMAC TPI.
[10] *Véase*, Entrada Núm. 54, SUMAC TPI.
[11] *Véase*, Entrada Núm. 56, SUMAC TPI.
[12] *Véase*, Entrada Núm. 61, SUMAC TPI.

CODEPOLA siempre lo consideró empleado, no hay prueba de que lo considerara dueño o accionista. Si bien un director pudiera ser también accionista, para serlo debe constar en algún documento donde se detalle la titularidad de las acciones, cuántas acciones, a cambio de qué, etc. No surge del expediente ningún documento que haga referencia a que el Sr. Rosas Santiago haya adquirido o sea dueño de acciones de CODEPOLA.

Inconforme, el señor Rosas presentó una solicitud de reconsideración.[13] El 25 de noviembre de 2025, el TPI emitió y notificó una *Resolución Interlocutoria*, bien fundamentada, declarando No Ha Lugar la solicitud de reconsideración. Aún en desacuerdo, el 29 de diciembre de 2025, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

**PRIMERO: ERRÓ EL TRIBUNAL AL NO CONCEDER EL REMEDIO SOLICITADO BAJO LA REGLA 49.2, PUESTO QUE NO EXISTE MANERA EN QUE EL TRIBUNAL PUEDA ENTENDER CUAL ES LA REALIDAD SUBYACENTE DE UNA CORPORACIÓN SIN UN ADECUADO DESFILE DE PRUEBA, MÁXIME CUANDO LA MISMA DOCUMENTACIÓN QUE SE PRESENTA PARA DEMOSTRAR QUE ROSAS ERA EMPLEADO DE CODEPOLA ERA ATINENTE PARA DEMOSTRAR QUE TORRES ERA EMPLEADO DE CODEPOLA, LA ÚNICA FORMA DE SABER A QUIEN PERTENECE EL ENTE ES A DESCUBRIR CUALES FUERON LOS ACUERDOS SOSTENIDOS POR LAS PARTES.**

**SEGUNDO: ERRÓ EL TRIBUNAL AL NO DESESTIMAR SUA SPONTE LA RECONVENCIÓN DE LO DEMANDADOS Y CONTINUAR LOS PROCEDIIENTOS CUANDO LO SOLICITADO MEDIANTE RECONVENCIÓN POR LOS DEMANDADOS ES COSA JUZGADA, FINAL Y FIRME BAJO LA SENTENCIA EN EL CASO *CODEPOLA V. V.I.P. DEFENSE, LLC ET ALS.*, SJ2021CV06328 (904)**

Atendido el recurso, el 12 de enero de 2026, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 16 de enero de 2026 para presentar su oposición al recurso. Oportunamente, los recurridos presentaron su oposición mediante el escrito intitulado *Moción en Cumplimiento de Orden*, en la que negó que el TPI cometiera los errores que los peticionarios le imputaron. Con el

---

[13] *Véase*, Entrada Núm. 62, SUMAC TPI.

beneficio de la comparecencia de ambas partes, procedemos a resolver el recurso ante nos. *Veamos.*

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, el Tribunal Supremo resolvió que "las resoluciones atinentes a los asuntos postsentencia, como la que tenemos ante nuestra consideración, no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*. De otra parte, por emitirse este tipo de decisión luego de dictada la sentencia, usualmente tampoco cualifica para el recurso de apelación provisto para dictámenes judiciales finales. Se corre el riesgo, por lo tanto, de que fallos erróneos nunca se vean sujetos a examen judicial simplemente porque ocurren en

una etapa tardía en el proceso." *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). Establecido lo anterior, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 59-60, 215 DPR ____ (2025). La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra.* La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando éste haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de

derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### III.

Luego de evaluar el recurso de epígrafe, a la luz de la totalidad del expediente, y a los criterios que emanan de la Regla 40 de nuestro Reglamento, *supra*, no surge que el TPI actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Consecuentemente, determinamos denegar el recurso de epígrafe.

### IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones